UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| **Case No.** CV 23-4336-MWF (PDx) | **Date:** September 13, 2023 |
| **Title:** Guri Gonzalez v. Mastermind Properties, LLC, et al. | |

**Present:** The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) ORDER TO SHOW CAUSE RE DEFAULT JUDGMENT AS TO DEFENDANT SAYLA FLOWERS TRADING LLC; ORDER DISMISSING ACTION WITHOUT PREJUDICE AS TO DEFENDANT MASTERMIND PROPRETIES, LLC

      On June 2, 2023, Plaintiff Guri Gonzalez commenced this action against Defendant Mastermind Properties, LLC ("Mastermind"). (Complaint (Docket No. 1)). The Court filed an Order Re Prosecution of Certain Cases Under the American with Disabilities Act (the "So. Cal. Order" (Docket No. 11)). On July 13, 2023, Plaintiff filed a First Amended Complaint (the "FAC" (Docket No. 14)). The FAC named a new Defendant, Sayla Flowers Trading LLC ("Sayla Flowers).

      On August 18, 2023, Plaintiff filed a Proof of Service of the Summons and FAC on Defendant Sayla Flowers, and a Request for Clerk to Enter Default. (Docket Nos. 20 and 21). On August 22, 2023, the Clerk entered default as to Defendant Sayla Flowers. (Docket No. 22).

      In light of the Default by Clerk as to Defendant Sayla Flowers (Docket No. 22), the Court sets a hearing for **Order to Show Cause** Re Default Judgment as to Defendant Sayla Flowers on **October 23, 2023 at 11:30 a.m.** If a Motion for Default Judgment is filed prior to this hearing, the hearing on the Order to Show Cause will be discharged and no appearance will be necessary. Any Motion for Default Judgment must comply with the Court's Procedures and Schedules. *See* http://www.cacd.uscourts.gov/honorable-michael-w-fitzgerald

| | | |
|---|---|---|
| | **CIVIL MINUTES—GENERAL** | 1 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 23-4336-MWF (PDx)          **Date:** September 13, 2023
**Title:** Guri Gonzalez v. Mastermind Properties, LLC, et al.

Pursuant to Federal Rule of Civil Procedure, Rule 4(m), Plaintiff must have served the FAC on Defendant Mastermind no later than August 31, 2023. In the So. Cal. Order, the Court required that Proof of Service for all Defendants must be filed within 90 days of the filing of the case. The So. Cal. Order served as notice to Plaintiff that the Court will dismiss this action without prejudice and without further notice to Plaintiff for failure to comply. Because Defendant Mastermind was named in the Complaint, the filing of the FAC did not extend the time by which Plaintiff was required to serve it with the FAC. The Court finds that Plaintiff has failed to timely file Proof of Service of the FAC and Notice to Parties: ADA Disability Access Litigation as to Defendant Mastermind.

It is well-established that a district court has authority to dismiss a plaintiff's action due to her failure to prosecute and/or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629–30 (1962) (noting that district court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and avoid congestion in district court calendars); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (stating that district court may dismiss action for failure to comply with any order of the court).

Before ordering dismissal, the Court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to Defendant; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions. *See In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

Taking all of these factors into account, dismissal for lack of prosecution is warranted. Accordingly, the action is **DISMISSED *without prejudice*** as to **Defendant Mastermind Properties, LLC** only.

IT IS SO ORDERED.